UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL TOCCI,<br><br>Defendant | Criminal No.<br><br>Violation:<br><br>Count One: Possession of Child Pornography<br>(18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2))<br><br>Child Pornography/Child Exploitation<br>Forfeiture Allegation:<br>(18 U.S.C. § 2253) |

INFORMATION

COUNT ONE
Possession of Child Pornography
(18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2))

The Acting United States Attorney alleges:

On or about November 29, 2023, in Hampshire County, in the District of Massachusetts, the defendant,

DANIEL TOCCI,

knowingly possessed material that contained one and more images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor and a minor who had not attained 12 years of age, and that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

## CHILD PORNOGRAPHY FORFEITURE ALLEGATION
(18 U.S.C. § 2253)

The Acting United States Attorney further alleges:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 2252A(a)(5)(B), set forth in Count One, the defendant,

DANIEL TOCCI,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2253, (i) any visual depiction described in sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; (ii) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (iii) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.  The property to be forfeited includes, but is not limited to, the following:

    a. An HP laptop;

    b. Five Lexar USB thumb drives;

    c. A Samsung Galaxy cellular phone; and

    d. Two hard drives.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 2253, as a result of any act or omission of the defendant—

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States of America, pursuant to Title 18, United States Code, Section 2253(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

  All pursuant to Title 18, United States Code, Section 2253.

           JOSHUA S. LEVY
           Acting United States Attorney

        By: _/s/ David G. Tobin_
           DAVID G. TOBIN
           Assistant U.S. Attorney

Date: November 15, 2024