UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | |
| | ) | Criminal No: 24-30061-MGM |
| DANIEL TOCCI, | ) | |
| | ) | |
| Defendant. | ) | |

<u>GOVERNMENT'S SENTENCING MEMORANDUM</u>

The United States submits this Sentencing Memorandum to aid the Court in sentencing the defendant, Daniel Tocci ("Defendant").

**Background**

On November 15, 2024, Defendant was charged by Information with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

On September 16, 2025, Defendant executed a Waiver of Indictment and pleaded guilty to the one-count Information pursuant to a Plea Agreement.   In the Plea Agreement, the government promised to seek a sentence of incarceration between 63 and 78 months.   At the conclusion of the hearing, the Court ordered Defendant remanded to the custody of the United States Marshal Service.

Defendant's sentencing is scheduled for March 25, 2026.

**Presentence Report**

In the Presentence Report dated December 10, 2025, United States Probation calculated Defendant's total offense level as 28, his criminal history category as I, and his Guideline sentencing range ("GSR") as 78 to 97 months.   Probation's determination of Defendant's GSR mirrored the government's GSR determination found at paragraph 3 of the Plea Agreement

(Docket Entry No. 32).   The base offense level for possession of child pornography is 18 (USSG § 2G2.2(a)(1)).   Two levels are added because the material involved a prepubescent minor or a minor who had not attained the age of 12 (USSG § 2G2.2(b)(2)).   Four levels are added because the material portrayed sadistic or masochistic conduct or sexual exploitation of an infant or toddler (USSG § 2G2.2(b)(4)).   Two levels are added because the offense involved the use of a computer (USSG § 2G2.2(b)(6)).   Five levels are added because the offense involved 600 or more images (USSG § 2G2.2(b)(7)).   Lastly, three levels are subtracted because Defendant accepted responsibility for his crime by pleading guilty (USSG § 3E1.1).

The Presentence Report also included Judiciary Sentencing Information (JSIN).   The JSIN data for the last five fiscal years (FY2020-2024) reflects that there were 750 defendants whose primary guideline was § 2G2.2, with a Final Offense level of 28, and a Criminal History Category of I.   When we remove those individuals who received a § 5K1.1 substantial assistance departure, we have 738 defendants who received a sentence of imprisonment.   The average length of imprisonment imposed was 56 months and the median length of imprisonment was 60 months.

**<u>Argument</u>**

The mother of one of Defendant's victims wrote:

After the prosecution and incarceration of [child's name redacted] abuser, the torment continued.   I began receiving daily "victim notifications" informing me of the possession and repeated distribution of [child's name redacted]images to people like her abuser – people who are sexually gratified by the sexual and psychological abuse of a small child. Every day I received more and more reminders that people were searching for and collecting images of my child being humiliated, degraded, and used by someone she loved and trusted. Every notification is a reminder not only of the abuse, but of the shocking number of people who revel in the abuse. To know there are so many people like that in the world is sickening and frightening.

[Child's name redacted] knows there are images of her abuse on the internet. When I found out about the pictures and videos, I didn't know how to deal with it. I was talking to my father about it in our home one day when [child's name redacted] walked into the room. I didn't know she had been listening. She started sobbing and panicking, "*People will see me like that! I didn't know it was wrong!*" She is horrified that anyone – let alone strangers – would see images of her abuse. She asked why people would do that, and I had to explain that there are people in the world who hurt children like [child's name redacted] abuser hurt her, and that some people look at pictures of the hurt. The only comfort I could offer was to tell her that every time a person gets caught with her picture, they go to jail and can't hurt any children or look at any more pictures.

One of Defendant's victims wrote:

As a victim, it is my right to be notified each time an image of my abuse is viewed. As of November 2020, my mom had received over 22,000 notifications of views of my abuse. When I started receiving them, I had to stop the notifications because each one induced a panic attack; they also make me feel weird, uncomfortable, anxious and sad. It's hard to imagine 22,000 people have seen or shared images of my abuse - and it's hard to imagine how much that number has grown since. It makes me sick to think how many people there are in the world who don't care that they are supporting child abuse.

The mother of another of Defendant's victims wrote:

Our daughter is a child whom does not deserve to be exploited day after day by everyone that has these images of her. She unjustly has a lifelong sentence of abuse and exploitation.

\*\*\*

The court has been provided numerous impact statements from Defendant's victims. The above statements are but a small sample of those statements. Nothing I write or argue is able to match the sincerity, poignancy, or impact of the sentiments expressed by people harmed by Defendant's crime. As evidenced by the impact letters provided to the court, victims of child pornography serve life sentences. Long after the rape and direct sexual exploitation has ended, victims continue to suffer knowing that countless others derive sexual satisfaction by watching their abuse. Defendant's collection of child pornography contained over 110,000 images and videos of suspected child pornography. Defendant's laptop contained over 10,000 such images and videos. More than 100,000 such images and videos were found on five

thumb drives possessed by Defendant.   Defendant's collection of child abuse and rape included children as young as three being penetrated.   Defendant hurt an enormous number of children and adults.

In addition to the enormous collection of child pornography, Defendant's laptop contained extremely disturbing images of violent acts, such as a cat being killed by being put in a blender, a male shooting a female in the head, a dog being beaten to death, and severed heads and limbs, as well as images and videos of bestiality.

The search of Defendant's devices revealed Google searches related to child sexual abuse, such as "teen double creampie," "countries with legal prostitution under 18," "pedolesbianism," and "cub scout handbook child molestation story."

The United States asks the Court to impose a sentence which includes a period of incarceration of not less than 70 months.   The requested sentence reflects the seriousness of Defendant's crime, and the terrible toll Defendant's crime has taken on his victims.   The requested sentence is below the properly calculated GSR, which is 78 to 97 months, and only slightly above the median sentence of 60 months (as reflected in the JSIN data).    This case warrants a sentence above 60 months based on the sheer number of images involved (more than 100,000) because each image represents a victim.   Additionally, Defendant's large collection of violent act videos, as noted above, makes defendant a particularly dangerous individual.

A sentence of 70 months of incarceration properly addresses the sentencing factors set out in 18 U.S.C. § 3553(a).   Such a sentence will protect the public from further crimes of Defendant during his incarceration, and a 60-month period of supervised release will afford additional protection to the community.   Such a sentence also will provide deterrence to others

tempted to commit the same crime.   Individuals who contemplate hurting children by possessing child pornography need to know that if they commit this crime, they will face serious consequences, including a lengthy prison sentence.   A sentence of at least 70 months should also afford Defendant the opportunity to participate in the Bureau of Prisons' Sex Offender Program.

The Court understands the serious nature of Defendant's crime.   The possession of child pornography re-victimizes the children depicted in those photos and videos.   Once on the internet, the photos and videos of sexual abuse and rape of children will never be removed. Child victims must live with knowing that images and videos of their victimization are available to individuals who get perverse sexual pleasure from their pain and exploitation.

The United States asks the Court to impose a sentence of not less than 70 months of incarceration, 60 months of supervised release, a $100 special assessment, an assessment of $17,000 pursuant to 18 U.S.C. § 2259A (the "AVAA assessment), restitution to the victims identified in the Presentence Report in the amounts requested1, and to forfeit the items identified in paragraph 6 of the Plea Agreement.2

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    /s/ David G. Tobin
       DAVID G. TOBIN
       Assistant U.S. Attorney

---

1 For victims who have not request a specific amount of restitution, the government ask the Court to impose restitution in the amount of $3,000 per such victim, which is the minimum restitution amount allowed by law.
2 In the Plea Agreement, the U.S. Attorney agreed to recommend an assessment of $5,000 pursuant to 18 U.S.C. § 3014 (the "JVTA assessment").   As a result of legislative changes, the government believes that the JVTA assessment is no longer applicable to this case.

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing upon all counsel of record by electronic filing notice.

<u>/s/ David G. Tobin</u>
DAVID G. TOBIN
Assistant U.S. Attorney